COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Willis and Annunziata
Argued at Alexandria, Virginia


AHMAD DJADALI
                                    MEMORANDUM OPINION* BY
v.   Record No. 0301-98-4           JUDGE JERE M. H. WILLIS, JR.
                                         OCTOBER 27, 1998
FARZANEH DJADALI


             FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                       F. Bruce Bach, Judge

         James B. Pattison for appellant.

         William J. Lyden (The Law Firm of Evan H.
         Farr, P.C., on brief), for appellee.


     Ahmad Djadali contends that the trial court erred:  (1) in

incorporating into the final divorce decree provisions denying

child support; and (2) in refusing to grant a hearing on the

issue of child support during the divorce proceeding.  We affirm.

     On May 23, 1997, Ahmad Djadali filed suit for divorce from

his wife, Farzaneh Djadali.  They have one child, Helal Al-Dean

(Kevin) Djadali.  The couple agreed that Ahmad was to have

physical custody of Kevin.

     In 1993, the couple entered into a separation agreement,

which remained effective by its terms.  The 1993 agreement

provides, in relevant part:
         It is agreed by the parties that both parties
         are responsible for the support of their
         minor child.  It is further stated that the
         party who does not have physical custody of
         the child shall pay to the party with

_____
     *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

> physical custody of the child the sum of
> $ 0.00 per month for the support and
> maintenance of the infant child of the
> parties.

The husband petitioned the Prince William County Juvenile and Domestic Relations District Court for child support. By consent order entered February 22, 1996, the juvenile and domestic relations court denied support in accordance with the separation agreement.

By pendente lite order entered on July 30, 1997, the trial court incorporated the 1993 agreement and the 1996 consent order and denied support. At the hearing on the final divorce decree, the trial court ruled that the support issue had been fully and fairly litigated at the pendente lite hearing. It refused to rehear the support issue and incorporated the support provisions of the pendente lite order into the final divorce decree.

The pendente lite order shows on its face that the trial court heard evidence from the parties on the merits of child support. It calculated the presumptive support according to the statutory guidelines and stated in writing its findings and reasons for varying from the guideline amount. This record supports the trial court's ruling that the issue of child support was fully and fairly litigated at the pendente lite hearing. We have before us no other record of that hearing, and nothing before us disputes the trial court's ruling.

We have before us no proffer of the circumstances underlying the child support ruling at the pendente lite hearing and no

proffer of any material circumstances justifying a change in that determination.  The record reflects no such proffer to the trial court at the hearing on the final divorce decree.  Thus, we find no abuse of discretion in the trial court's refusal to reopen the case and to reconsider a decided issue.

The judgment of the trial court is affirmed.

<u>Affirmed.</u>